# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMRITPAL SINGH (A No. 240-276-055),<br><br>Petitioner,<br><br>v.<br><br>TONYA ANDREWS,[1] et al.,<br><br>Respondents. | Case No. 1:26-cv-02647-JLT-SKO<br><br>ORDER CONVERTING THE MATTER TO A PRELIMINARY INJUNCTION[2]; GRANTING THE PRELIMINARY INJUNCTION IN PART; AND REFERRING THE MATTER TO THE ASSIGNED MAGISTRATE AND ORDERING PETITIONER'S IMMEDIATE RELEASE<br><br>(Doc. 2) |

## I.      INTRODUCTION

Before the Court is Amritpal Singh's request for a temporary restraining order (Doc. 2),

---

[1] Respondents move to strike and dismiss all unlawfully named officials. (Doc. 6 at 2.) "[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Ninth Circuit has "affirm[ed] the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including those filed by immigrant detainees." *Doe v. Garland*, 109 F.4th 1188, 1199 (9th Cir. 2024). Although *Doe* held that "Padilla set forth a clear rule requiring core habeas petitioners challenging their present physical confinement to name their immediate custodian, the warden of the facility where they are detained, as the respondent to their petition," 109 F.4th at 1197, *Doe* did not necessarily preclude naming more than one respondent so long as the immediate custodian is named. Given that Petitioner has named his immediate custodian as a Respondent, the Court **DENIES** Respondents' request to strike all Respondents other than Petitioner's immediately named custodian.

[2] Respondents do not oppose conversion of any Motion for Temporary Restraining Order to a Motion for Preliminary Injunction and do not request a hearing. (Doc. 96at 2.) However, Respondents requested additional time to address the merits of the habeas petition.

filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed a response to the TRO and the underlying petition, asserting only that the petitioner is subject to mandatory detention, a legal position that this Court has rejected repeatedly. (Doc. 6.) Thus, the Court converts the matter into a motion for preliminary injunction, **GRANTS** that motion, and **REFERS** the matter to the assigned magistrate judge for a determination on the merits.

## II.    LEGAL STANDARD

The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001) (explaining that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical"). When seeking a TRO or PI, plaintiffs must establish: (1) they are "likely to succeed on the merits" of their claims, (2) they are "likely to suffer irreparable harm in the absence of a preliminary injunction," (3) "the balance of equities tips in [their] favor" and (4) "an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The moving party has the burden to "make a showing on all four prongs" of the *Winter* test to obtain a preliminary injunction. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Thus, the moving party has "the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *Hecox v. Little*, 104 F.4th 1061, 1073 (9th Cir. 2023). The Court may weigh the request for a preliminary injunction with a sliding-scale approach. *Alliance*, at 1135 (9th Cir. 2011). Accordingly, a stronger showing on the balance of hardships may support the issuance of a preliminary injunction where there are "serious questions on the merits … so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id*. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*, 555 U.S. at 24. Preliminary injunctions are intended to "merely to preserve the relative positions of the parties until a trial on the merits can be held, and to balance the equities at the litigation moves forward." *Lackey v. Stinnie*, 604 U.S. ___, 145 S. Ct. 659, 667 (2025) (citations omitted).

The status quo refers to "the last uncontested status which preceded the pending

controversy." *Tanner Motor Livery, Ltd. v. Avis, Inc*., 316 F.2d 804, 809 (9th Cir. 1963) (quoting *Westinghouse Elec. Corp. v. Free Sewing Mach. Co*., 256 F.2d 806, 808 (7th Cir. 1958)). In the Court's view, that is the status before Petitioner was arrested. *See Kuzmenko v. Phillips,* No. 25-CV-00663, 2025 WL 779743, at *3 (E.D. Cal. Mar. 10, 2025) (granting a temporary restraining order requiring immediate release of the petitioner back to home confinement from custody, as a restoration of the status quo).

### III.    FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a citizen of India who entered the United States on or about May 11, 2019, where he was encountered and processed by federal immigration officials. (Doc. 2 at 3.) Petitioner was subsequently released on bond and subject to supervision, including Alternatives to Detention monitoring and regular ICE reporting. (*Id*.) On July 26, 2019, DHS served Petitioner with a Notice to Appear charging removability under INA § 212(a)(6)(A)(i). (*Id*. at 4.) At the time, he was placed in expedited removal. (Doc. 6-2 at 3)

On March 8, 2026, Petitioner was arrested for driving on a suspended license and related charges arising from the same incident, including a felony carrying a concealed firearm, which was not registered to him, in a vehicle. (Doc. 6-1 at 1-2) He posted bond and was released. (Doc. 2 at 3.) Those matters remain pending and have not resulted in a conviction. (*Id*.) On March 20, 2026, while Petitioner was waiting in line to enter the Fresno Superior Courthouse, ICE officers stopped him at the entrance and took him into custody based on an immigration warrant of arrest (Doc. 6-3). (*Id*.) He is currently being detained at the Mesa Verde ICE Processing Center in Bakersfield, California. (*Id*.)

The government filed a response to the petition and issuance of preliminary injunctive relief, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b). (*See generally* Doc. 6.) Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner and make no effort to distinguish this current case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-

3

JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. However, because he has never been evaluated by an Immigration Court related to a bond, the Court finds the proper remedy to be a bond hearing. For the foregoing reasons, the Court **ORDERS**:

1.     Petitioner's Motion for Temporary Restraining Order (Doc. 2) is converted to a Motion for Preliminary Injunction, and it is **GRANTED in PART**;

2.     Respondents are **ORDERED** to provide Petitioners with a bond hearing in accordance with 8 U.S.C. § 1226(a) within __**14 days**__ of the date of this Order, in which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained. If Respondents do not provide Petitioners with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention. If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner.

3.     Prior to the bond hearing, the Petitioner and his counsel **SHALL** receive meaningful notice of the scheduled hearing and both **SHALL** be entitled to appear at the hearing.

4.     The government may file a further brief on the merits of the habeas petition within 30 days. Alternatively, as soon as it can within that 30-day period, the government may file a notice that it does not intend to file further briefing. If the government files an additional brief, Petitioner may file a further brief within 30 days thereafter.

///

///

5.    The matter is referred to the assigned magistrate judge for consideration of the merits of the petition as quickly as possible.

IT IS SO ORDERED.

Dated:    **April 21, 2026**

UNITED STATES DISTRICT JUDGE